STATE, EX REL. HOWLAND TOWNSHIP TRUSTEES,
RELATORS-APPELLANTS, *v.* BAILES ET, RESPONDENTS-APPELLEES.

Ohio Appeals, Seventh District, Trumbull County.

No. 1487.   Decided February 25, 1961.

*Mr. E. G. Johnson* and *Mr. Thomas C. B. Letson,* for relators-appellants.

*Mr. Reed S. Battin,* for respondents-appellees.

*Per Curiam.*   In this action for injunction by the Township Trustees of Howland Township against Ray E. Bailes and Elizabeth F. Bailes the relators seek an order enjoining the respondents-appellees from maintaining and operating and expanding the use of their real property contrary to the provisions of the Howland Township Zoning Resolution.

The matter is before us de novo.

The zoning resolution became effective November 14, 1958, as a result of its approval by the election of the township at the general election had on November 5, 1958.

Numerous questions have arisen in the presentation of this case, which we think are incidental and inconsequential in the correct disposition of this matter.   There is only one question for this court to answer, and that is had the respondents perfected a pre-existing non-conforming use in the operation of

a trailer park prior to the effective date of the resolution, to-wit November 14, 1958; and if they had, what was the extent of such non-conforming use.

Judge Hart on page 431 of 161 Ohio St in the case of *Smith v. Juillerat*, decided May 19, 1954, says:—

"The rule seems to be that where no substantial non-conforming use has been made of property, even though such use is contemplated, and money has been expended in preliminary work to that end, a property owner has acquired no vested right to such use and is deprived of none by the operation of a valid zoning ordinance denying the right to proceed with his intended use of the property."

This rule is controlling in the instant case, and must be applied to the facts set forth in the record.

The respondents at the effective date of the resolution had two house trailers on the property; electricity had been installed for trailers numbers 1, 2, 3, 4 and 5; a 1250 gallon septic tank having a capacity to service eight trailers had likewise been installed, together with 118 feet of water lines and a water line across the road. The investment in these facilities amounted to around $1,600.00.

From the record it would appear that all that was necessary to service an additional three trailers, besides the two already in place, would be to merely connect up the additional trailers.

After the effective date of the ordinance and before this action was commenced in addition to the two original trailers two more trailers were placed without any permit from the zoning board.

The issue before us is not a "variance" issue but a "non-conforming use" issue, and the two must not be confused.

We think under the facts presented that a substantial non-conforming use has been made of this property to the extent of five trailer parking spaces and no more. There is no probative evidence that the non-conforming use extended beyond the five parking spaces.

However, under paragraph 5, section 6 of the Howland Township Zoning Regulation the respondents-appellees "may expand facilities for parking trailer coaches up to twenty-five

percent of the parking spots in said trailer park at the time this resolution takes effect.''

It is the conclusion of this court that respondents have established a non-conforming use as to five parking spaces, and may not be enjoined from use thereof provided respondents have otherwise complied with the provisions of the resolution, and in addition thereto are entitled to one additional spot subject to their complying with the rules and regulations of the resolution applicable thereto.

The restraining order of August 19, 1960, is made permanent except as by the above determinations. The costs of suit taxed are assessed against the two parties in equal amount.

Judgment and decree accordingly.

GRIFFITH, P. J., and DONAHUE, J., concur.
BROWN, J., not participating.